UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL HARRIS

        Plaintiff,                 No. 14-10304

v.                                 District Judge John Corbett O'Meara
                                 Magistrate Judge R. Steven Whalen

ADAM KANDULSKI, ET AL.,

        Defendants.

_____ /

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* prison inmate, has filed this action under 42 U.S.C. §1983. Named Defendants Kandulski, Schur, Gorton, Ricumstrict, and McCauley have been dismissed. The only remaining Defendants are identified as Jane Doe, John Doe, and "All Employees of the Michigan Department of Corrections."

Although the complaint was filed in January of 2014, the Plaintiff has not identified the Jane/John Defendants. Nevertheless, having reviewed the complaint, I recommend that the Court *sua sponte* dismiss Defendants Jane Doe, John Doe, and "all employees of the Michigan Department of Corrections" under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(1).

## I.    FACTS

Plaintiff filed suit on January 21, 2014, alleging violations of his Eighth and Fourteenth Amendment rights. *Complaint, Docket #1.* As detailed in my previous Reports and Recommendations [Doc. #43 and #45], his case centers primarily on his claim that various Defendants, particularly medical personnel, were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. The only

-1-

allegation in the complaint regarding Defendants Jane Doe and John Doe is at ¶ 43 of the complaint, and reads as follows:

> "Defendant Jane/John Doe violated plaintiff's 1st Amendment right to seek redress when they had Plaintiff transferred out of the Saginaw Facility after he filed a number of grievances and it became obvious that Plaintiff's right had been clearly violated and health was put at risk."

## II.   STANDARD OF REVIEW

### A.   28 U.S.C. § 1915(a)

The Doe Defendants have not been identified or served with a summons and complaint.  Nevertheless, the claims against them may be dismissed *sua sponte* at this time.  Because the Plaintiff requested and has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) [Doc. #4], his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides as follows:

> "[T]he court shall dismiss the case at any time if the court determines that-
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal-
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief."

This provision applies to all IFP cases, and empowers the Court to *sua sponte* dismiss those complaints that are frivolous or fail to state a claim on which relief can be granted.  *Benson v. O'Brian,* 179 F.3d 1014,1015 -1016 ( 6th Cir. 1999) ("If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint");  *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997).  A case is frivolous if it lacks arguable basis in either law or fact.  *Neitzke v. Williams* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## B.    Fed.R.Civ.P. 12)b)(1)

In addition a Court may dismiss a frivolous complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).  "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

## C.    Fed.R.Civ.P. 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court,  construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

-3-

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

## III.   DISCUSSION

The sparse information about Defendant John and Jane Doe set forth in ¶ 43 of the complaint is insufficient to state a plausible retaliation claim under the *Iqbal* standard. In *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999), the Sixth Circuit held that a retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."

There is a paucity of facts to show, beyond speculation, that there is any causal connection between Plaintiff filing grievances and his transfer out of the Saginaw Facility. Nor has Plaintiff pled facts that would plausibly support a claim that his transfer constituted an adverse action. Not every transfer does. In *Thaddeus-X*, the Court noted

-4-

that '[i]n the prison context, an action comparable to transfer to administrative segregation would certainly be adverse." *Id.*, 175 F.3d at 396.  The conditions complained of and found to establish "adverse action" in *Thaddeus-X* included, in addition to harassment and physical threats, a transfer to the area of the prison used to house mentally disturbed inmates, which was alleged to have truly horrific conditions. But in *Ward v. Dyke*, 58 F.3d 271, 275 (6th Cir. 1995), the Court held that "the fact that a prisoner may not like a certain prison location does not automatically transform a valid transfer into a constitutional violation." In this case, the Plaintiff has not set forth any facts showing that his transfer rose to the level of an "adverse action" under *Thaddeus-X*.

The facts in ¶ 43 of the complaint do no more than invite the Court "to infer...the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Because the Plaintiff has therefore not stated a claim upon which relief can be granted against the Doe Defendants, they are subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii), as well as Fed.R.Civ.P. 12(b)(1).

For the same reasons, and particularly on the basis of frivolousness, the complaint should be dismissed as to "all employees of the Michigan Department of Corrections."

## IV.   CONCLUSION

For these reasons, I recommend that the Court *sua sponte* dismiss this complaint as to all remaining Defendants.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932

F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  February 23, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 23, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen
